NO. 07-10-00134-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
14, 2010

 



 

IN THE MATTER OF THE MARRIAGE OF DAVID MICHAEL LITTLE AND CHARLENE
MCDOWELL LITTLE



 



 

 FROM THE 85TH DISTRICT COURT OF BRAZOS
COUNTY;

 

NO. 07-002205-CVD-85; HONORABLE J. D. LANGLEY, JUDGE



 



 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

 

ABATEMENT AND REMAND

            Appellant
Charlene McDowell Little appeals from the final judgment of the trial
court.  The clerk’s record was filed on
April 5, 2010.  The reporter’s record was
due on April 8, 2010.  Neither the
reporter’s record nor an extension motion was filed.  By letter of April 28, we directed the court
reporter “to advise the Court of the status of the reporter’s record on or
before Monday, May 10, 2010.”  Despite
this letter and efforts by appellant’s counsel,[1]
we have received no response from the deputy reporter who took the record.  

            It
is the duty of the trial court to ensure that its reporter’s work is timely
accomplished by setting work priorities. 
Tex. R. App. P. 13.3. 
Accordingly, we abate this appeal and remand the cause to the 85th
District Court of Brazos County (the trial court) for further proceedings.  On remand, the trial court shall immediately
cause notice of a hearing to be given and thereafter conduct a hearing to
determine:

(1)  The reason for the lack of response from the reporter
who took the record; and, 

 

(2)  When the reporter’s record can reasonably be
transcribed into written form and filed in a manner that does not further delay
the prosecution of this appeal or have the practical effect of depriving
appellant of her right to appeal.

The
trial court shall cause the hearing to be transcribed.  Also, it shall:  (1) execute findings of fact and conclusions
of law addressing the foregoing issues; (2) cause to be developed a
supplemental clerk’s record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in the matter; and
(3) cause to be developed a reporter’s record transcribing the evidence and
arguments presented at the aforementioned hearing.  Additionally, the trial court shall then file
the supplemental clerk’s and reporter’s records transcribing the hearing with
the clerk of this court on or before July 14, 2010.  

It is so
ordered.

Per Curiam

 

 

            








 











[1] The record was not taken by the trial court’s official
reporter. 
Appellant’s counsel has informed us he
twice has attempted to contact, by telephone, the deputy reporter who took the record and has mailed her two requests
to prepare the record.  He advises us he has
received no response.